IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN F.,<br><br>        Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>        Respondents. | Case No. 26-cv-00798-SRB-DJF |

# ORDER

Before the Court is Petitioner John F.'s ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"). (Doc. #1.) The Petition alleges that Petitioner is a citizen of Columbia and a resident of Minnesota. The Petition alleges that Petitioner entered the United States in June 2024. Petitioner was allegedly issued a Notice to Appear and released from custody in an Order of Release on Recognizance under INA § 236, 8 U.S.C. § 1226. Petitioner allegedly applied for asylum on November 7, 2024, and his asylum application remains open and pending. On January 28, 2026, Respondents arrested and detained Petitioner when he appeared for his scheduled in-person check in. Petitioner alleges Respondents arrested and detained him without a warrant.

In an Order dated January 29, 2026, the Court ordered Respondents to file an answer to the Petition on or before February 2, 2026. On February 2, 2026, Respondents filed an answer. Respondents argue in part that "Petitioner is subject to mandatory detention because Congress directs noncitizens who get into the United States without being inspected 'shall be deemed for purposes of this chapter an applicant for admission' and then detained pursuant to § 1225(b)(1) or § 1225(b)(2)." (Doc. #5, p. 2.) Respondents further argue that Petitioner's detention is not governed by § 1226.

Upon review of the record and the parties' briefs, and for the reasons explained by Petitioner, the Court finds that Petitioner is entitled to habeas relief. In particular, the Court agrees with Petitioner that "Respondents offer only the same argument that has been rejected time and again by this Court: that Petitioner is 'seeking admission' merely because he applied for asylum while present in the United States. *See, e.g.*, Order at 2, *Kathya M. v. Bondi et al.*, No. 26-cv-00587-SRB-EMB (D. Minn. Jan. 29, 2026), ECF No. 12 ('The Court rejects Respondents' argument that Petitioner is 'seeking admission' because of her ongoing asylum case.)[.]" (Doc. #6, pp. 1-2.) Consequently, the Court finds that §§ 1225(b)(1) and 1225(b)(2) are not applicable.

For the foregoing reasons, and the reasons stated by Petitioner, Petitioner's detention falls under § 1226 and not § 1225. Section 1226 provides that "an alien may be arrested and detained" "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). "It follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Joaquin Q.L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2-3 (D. Minn. Jan. 21, 2026) (citing and quoting cases). "Release is an available and appropriate remedy for detention that lacks a lawful predicate." *Id.* (citation and quotation marks omitted) (cleaned up). Because Respondents have not argued the existence of, or produced, a warrant directed to Petitioner, Petitioner is entitled to habeas relief and to be released from detention.

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner John F.'s Verified Petition for Writ of Habeas Corpus (Doc. #1) is **GRANTED**.
2. The Government is **ORDERED** immediately to release John F. from custody; and
3. The Court **ORDERS** Respondents to notify the Court and opposing counsel within 24 hours of Petitioner's release, confirming that the release has occurred. If Petitioner has

not been returned as ordered, Respondents should immediately notify the Court of when she will be returned and released.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 3, 2026                          *s/Stephen R. Bough*
                                                Stephen R. Bough
                                                United States District Judge

3